Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW, PC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone:  (619) 308-6880
Facsimile:  (619) 308-6881

Sandra Brennan, State Bar No. 149075
Lindsay C. David, State Bar No. 283267
**BRENNAN & DAVID LAW GROUP**
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008
Telephone: (760) 730-9408
Facsimile:  (760) 888-3575

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLE HAAN, LLC, a Delaware Limited Liability Company; and APAX PARTNERS WORLDWIDE LLP; a Limited Liability Partnership,<br><br>Defendants. | Case No. **'17 CV1422 LAB BGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §17200 *ET SEQ.;***<br>2. **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAWS. CAL. BUS. & PROF. CODE § 17500, *ET SEQ*.;**<br>3. **VIOLATIONS OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT.  CIV CODE § 1750, *ET SEQ*.**<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Kevin Park ("Plaintiff" or "Park"), individually and on behalf of all others similarly situated, alleges for his complaint against Defendant Cole Haan, Inc. and Defendant Apax Partners Worldwide LLP (collectively "Defendants") as follows:

## SUMMARY OF THE CLAIMS

**1.** This is a class action regarding Defendants' false and misleading pricing. Specifically, Defendants own various retail stores and outlet stores throughout California. Defendants set "original" or "regular" prices for the items it sells at its outlet stores leading the consumer to believe the items they are purchasing items once priced at that rate (and thus sold in Defendants' retail store at some point). This however is not the case. Defendants manufacture a distinct line of products specifically made for its outlet stores. These items, contrary to Defendants representations, were never sold at the "original" and "regular" prices. The items were always sold at a discounted rate. Thus, the original price was a tactic designed to mislead consumers into believing they were receiving an item at a discounted rate.

**2.** During the Class Period, Defendants continually misled consumers by advertising the outlet items at "discounted" or "sale" prices when in fact the items were never sold at the "original" or "regular" price. The "original" or "regular" price is designed to mislead consumers into believing they are receiving a discount, when in fact, they are not.

**3.** Further, the Defendants manufacture merchandise specifically for the outlet stores are often of inferior quality. The general retail stores are often made of better leather, better stitching, etc. Defendants subtly mark the items made for the outlet stores by including a "II" after the items' name on the shoebox. For example, the outlet shoebox marks a shoe made specifically for the outlet as "Grand Crosscourt II."

**4.** Because Defendants manufactures their items for sale in its own retail stores and its own outlet stores, this scheme of setting the "original" or "regular" price on its outlet items is designed solely to mislead consumers. Consumers believe the

-2-
CLASS ACTION COMPLAINT

original prices represent former prices of the items. Further, because of the "original" or "regular" price, consumers believe they are purchasing the same quality items from the retail store.

5. Cole Haan fraudulently concealed from, and intentionally failed to disclose to, Plaintiff, and others similarly situated, the fact that (1) they are buying items made specifically for the outlet and (2) the items were never sold at the "original" price. The product, the original price, and the discounted rate are material terms to the consumer purchasing one of defendants' products.

## THE PARTIES

6. **Plaintiff**: Kevin Park is an individual and is and was at all relevant times herein a citizen of California.

7. **Defendant**: On information and belief, Defendant Cole Haan, Inc. is a Delaware corporation with its principal place of business in New Hampshire. Cole Haan owns and operates hundreds of stores worldwide.

8. **Defendant**: On information and belief, Defendant Apax Partners LLP is a Limited Liability Partnership with its headquarters in London, England.

## JURISDICTION & VENUE

9. Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

10. This Court has original jurisdiction over this Action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) at least some members of the proposed Class have a different citizenship from Defendants; and (2) the claims of the proposed Class members exceed $5,000,000.00 in the aggregate.

11. **Personal jurisdiction**: The Southern District of California has personal jurisdiction over defendants Cole Haan, LLC and Apax Partners, LLP because they have systematic and continuous contacts with the state of California. The Court also has specific personal jurisdiction over Cole Haan, LLC and Apax Partners, LLP,

because the claims alleged herein arise directly from its specific contacts with the state of California, namely its sales of Cole Haan products to California citizens using billing programs that violate California law.

12.  **Venue**: Venue is proper in this District pursuant to 28 U.S.C. §1391, because, among other reasons, Plaintiff resides in San Diego County and because Plaintiff's and the Class's claims arose here.

## FACTUAL BACKGROUND

13.  As represented above, Defendants operate multiple retail and outlet stores both throughout the United States and worldwide. Additionally, Defendants operate an online website where consumers have the option to purchase items from the outlet.

14.  Defendants pride themselves by creating an image of quality and luxury "American craftsmanship and ingenuity." Cole Haan's website boasts:

> Founded by Trafton Cole and Eddie Haan in 1928, Cole Haan is built on American craftsmanship and ingenuity. We combine traditional methods, timeless style and modern innovations to create footwear and accessories for optimists of all ages. This company was started to make good things for people who make good things happen; it still does.
>
> Cole Haan recently returned to its roots as an independently owned company and is growing rapidly in the US and abroad, as people rediscover the value of quality goods made without compromises. It's about time.

15.  Additionally, Defendants strive to promote exclusivity of their brand by using celebrities, such as Maria Shariapova, to endorse their products.

16.  As a result of the foregoing, consumers believe, when they purchase a Cole Haan product, they are purchasing exclusive and "quality goods without compromises." Thus, consumers are willing, and in fact do, pay higher prices.

17.  However, in an effort to maximize their profits, Defendants devised a scheme where they would manufacture inferior products directly for their outlet stores but price them at retail store prices leading customers to believe they were buying retail

products. Defendants then discount the items to mislead customers into believing they were receiving a significant discount – when in fact they were not because the products were never sold at the higher rate. The outlet stores essentially allowed Defendants to market products as if they were retail store products (both in price and quality) but sell them at "sale" prices.

**18.** Customers of the outlet stores, relying on Defendants' representations, believed they were getting a bargain by receiving the Cole Haan quality retail product, once priced at the "original price" at a discounted rate. This was not the case.

## PLAINTIFF'S FACTS

**19.** On June 25, 2017, Plaintiff purchased the Grand Crosscourt II for his wife. Defendants represented that the shoes were discounted 50% from the original prince of $182.

**20.** Plaintiff, believed his purchase, based on the discount, was a good deal. Plaintiff relied on the "original price" to determine whether he believed the shoes were a good deal and whether he should purchase the shoes.

**21.** Plaintiff would not have purchased the item, or paid as much for the item, had he known the item was (1) never sold at the traditional retail store and (2) never sold at the "original price."

## CLASS ACTION ALLEGATIONS

**1.** **Class Definition**: Pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and the following class of similarly situated individuals defined as:

> All persons who purchased a Cole Haan Outlet Product made for the Cole Haan Outlet in California bearing an original price at any time during the four years preceding the filing of this complaint. ("Class")

**2.** **Exclusion**: The Class excludes: (a) any officers, directors, or employees of Defendants; (b) any Judge assigned to hear this case (or spouse or immediate family

member of any assigned Judge); any employee of the Court; (d) any juror selected to hear the case; and (e) any attorneys of record and their employees

3. **Reservation**: Plaintiff reserves the right to modify, expand, or amend the class description with greater particularity or further division into subclasses or limitation to particular issues.

4. **Numerousity**: Membership in the Class is so numerous that separate joinder of each member is impracticable. The number of Class members is unknown, but can be readily determined from Defendants' records.

5. **Typicality**: Plaintiff is a member of the Class of victims described herein. Plaintiff purchased products from Defendants. Defendants misled plaintiff as to both the product he purchased and the discounted value of the product.

6. **Commonality and Predominance**: Defendants have engaged in a common course of misconduct by maintaining a practice of manufacturing products specifically for its outlet stores and misleading consumers as to the product they are purchasing the value of the product they are purchasing. There are numerous and substantial questions of law and fact common to all Class members that control this litigation and predominate over any individual issues. Included within these common questions are:

- **a.** Whether Defendants' creation of the original price from which the shoes are discounted is deceptive;
- **b.** Whether the original price is synonymous with an item's expected price, suggested sales price, or retail price;
- **c.** Whether the original prices advertised by Defendants represent actual retail prices;
- **d.** Whether the original prices advertised by Defendants are backed by actual sales data for those items;
- **e.** Whether Defendants' outlet products are sold outside Defendants' outlet stores;

f.   Whether Defendants sold their outlet products outside their outlet stores at the original price;

g.   Whether Defendants ever sold their outlet products at the original price;

h.   Whether Defendants violated the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.);

i.   Whether Defendants violated the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.) by violating the Consumer Legal Remedies Act (Cal. Civ. Code §1750 *et seq*.);

j.   Whether Defendants violated the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.) by violating the Federal Trade Commission Act (15 U.S.C. §§ 45(a)(1), 52(a));

k.   Whether Defendants use of false or deceptive price advertising constituted false advertising under California law;

l.   Whether the stated original prices were the prevailing market prices for the respective prices sold by Defendants during the three-month periods preceding the dissemination or publication of the advertised former prices;

m.   Whether Defendants violated the Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq*.);

n.   Whether Defendants misrepresented or failed to disclose material facts about their product pricing and discounts, including that the products were never sold for the original price;

o.   Whether Defendants misrepresented or failed to disclose material facts about their product, including that the product was manufactured specifically for the outlet stores;

p.   Whether Defendants made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

q.   Whether Defendants have been unjustly enriched as a result of its representations that the "sale" prices represented price reductions;

    r. Whether Defendants' conduct herein was intentional and knowing;

    s. Whether Defendants are likely to continue to use false, misleading, or illegal price comparisons such that an injunction is necessary;

    t. Whether the Plaintiff and Class Members are entitled to damages or consumer restitution and the proper measure of that loss; and

    u. The appropriate class-wide measure of damages.

**7. Superiority and Manageability**: This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

**Violation of California's Unfair Competition Law, §§ 17200 *et seq.***

**By Plaintiff and the Class Against Defendants**

**8.** Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

**9.** California's unfair competition law, codified in California Business & Professions Code § 17200 *et seq.,* makes actionable "any unlawful, unfair *or* fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *See*

1  Cal. Bus. & Prof. Code § 17200 (emphasis added).  It allows plaintiffs to seek
2  injunctive relief as well as restitution. *Id.* § 17203.  The law's scope "is quite broad. . . .
3  Because the statute is framed in the disjunctive, a business practice need only meet one
4  of the three criteria to be considered unfair competition. *McKell v. Wash. Mutual, Inc.*,
5  142 Cal. App. 4th 1457, 1471 (2006).  Here, Defendants' practice meet the criteria, any
6  of which would be sufficient to give rise to liability.

### Unlawful

8  **10.**   Defendants' practice is "unlawful" because it violates the Cal. Bus. &
9  Prof. Code § 17200 *et seq.* (the "UCL"), Cal. Bus. & Prof. Code § 17500 *et seq.* (the
10 "FAL"), the California Consumers' Legal Remedies Act, and Civil Code Section 1750
11 *et seq.* (the "CLRA"), and the Federal Trade Commission Act ("FTCA").

12 **11.**   By way of example, Defendants' conduct is unlawful in that it violates the
13 CLRA (Cal. Civ. Code § 1750 *et seq.*).  Civ. Code § 1770(a)(7) prohibits a business
14 from "[a]dvertising goods or services with intent not to sell them as advertised," and
15 subsection (a)(13) prohibits a business from "[m]aking false or misleading statements
16 of fact concerning reasons for, existence of, or amounts or price reductions."

17 **12.**   Because prices are a representation of quality and value, when Defendants
18 represented they their outlet prices had a certain retail price, they represented that those
19 products were of a higher standard, quality, or grade when they were of another.  In
20 representing that the sale price was less than the original price, Defendants represented
21 that the items were being sold at a discount, when in fact the items were not bring sold
22 at the discounted rate Defendants represented because the items were never sold at the
23 original rate.  Accordingly, Defendants made false and misleading statements of fact
24 concerning the existence of, or amounts of price reductions.

25 **13.**   As another example, Defendants' conduct violated the FTCA (15 U.S.C. §
26 45(a)(1) and 15 U.S.C. § 52(a)) which prohibits "unfair or deceptive practices in or
27 affecting commerce and specifically prohibits false advertisements.  The FTC has
28 established regulatory guidelines that prohibit false pricing schemes, similar to

Defendants' pricing scheme described herein, as deceptive practices that would violate the FTCA. 16 C.F.R. § 233.1 *et seq*.

**14.** Defendants' reference to an original price for its outlet shoes, from which markets and advertises a discount violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a) as well as FTC guidelines published at 16 C.F.R. §233, including but not limited to §233.3, "Advertising retail prices which have been established or suggested by manufacturers (or other nonretail distributors)," which states in part:

> (a) Many members of the purchasing public believe that a manufacturer's list price, or suggested retail price, is the price at which an article is generally sold. Therefore, if a reduction from this price is advertised, many people will believe that they are being offered a genuine bargain. **To the extent that list or suggested retail prices do not in fact correspond to prices at which a substantial number of sales of the article in question are made, the advertisement of a reduction may mislead the consumer**.
>
> \*\*\*
>
> (d) Typically, a list price is a price at which articles are sold, if not everywhere, then at least in the principal retail outlets which do not conduct their business on a discount basis. It will not be deemed fictitious if it is the price at which substantial (that is, not isolated or insignificant) sales are made in the advertiser's trade area (the area in which he does business). Conversely, if the list price is significantly in excess of the highest price at which substantial sales in the trade area are made, there is a clear and serious danger of the consumer being misled by an advertised reduction from this price.
>
> \*\*\*
>
> (i) It bears repeating that the manufacturer, distributor or retailer must in every case act honestly and in good faith in advertising a list price, and not with the intention of establishing a basis, or creating an instrumentality, for a deceptive comparison in any local or other trade area. For instance, a manufacturer may not

> affix price tickets containing inflated prices as an accommodation to particular retailers who intend to use such prices as the basis for advertising fictitious price reductions. [Guide III]

16 C.F.R. § 233.3 (emphasis added).

**15.** Defendants deceived consumers into believing that they were offering value, discounts, and/or bargains at the outlet stores from an actual retail price, intended retail price, or expected retail price of the products sold that did not, in fact, exist.

**16.** As a result, consumers, including Plaintiff, believed they were purchasing products worth more and valued at more than what they received based on Defendants' misrepresentation of the original price. This perception has induced reasonable purchasers, including Plaintiff, to buy Defendants' products, which they otherwise would not have purchased, would not have paid as much for, or would not have paid the premium price for a luxury item.

**17.** Defendants' acts and practices as described herein have deceived Plaintiff and were highly likely to deceive members of the consuming public. Specifically, in deciding to purchase Defendants' outlet products, Plaintiff relied on Defendants' false, misleading, and deceptive representations regarding its original and discounted prices. Each of these factors played a substantial role in Plaintiff's decisions to purchase those products, and Plaintiff would not have purchased those items or would not have paid as much for those items in the absence of Defendants' misrepresentations. Accordingly, Plaintiff suffered monetary loss as a direct result of Defendants' pricing practices described herein.

**18.** As a result of Defendants' unfair acts and practices, Plaintiff, Class members, and the general public have suffered injury in fact and have lost money or property. These violations have unjustly enriched Defendants at the expense of Plaintiff and the Class.

**19.** Under Section 17203 of the Business & Professions Code, Plaintiff and the other members of the California Subclass are entitled to (a) an injunction ordering

Defendants to cease engaging in any acts of unfair competition and to engage in a corrective advertising campaign in compliance with all applicable laws; (b) restitution and disgorgement of all unjustly retained profits paid to Defendants; (c) equitable relief; (d) pre- and post-judgment interest at the highest rate allowable by law; and (e) payment of attorneys' fees and costs pursuant to Section 1021.5 of the California Code of Civil Procedure.

20. THEREFORE, Plaintiff prays for relief as set forth below.

### Unfair

21. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

22. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

23. Defendants committed, and continue to commit, "unfair" business acts or practices by, among other things:

    **a.** Engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and members of the Class;

    **b.** Engaging in conduct that is immoral, unethical oppressive, unscrupulous,

or substantially injurious to Plaintiff and the members of the Class; and

    c. Engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws that this Class Action Complaint invokes.

**24.** Specifically, Defendants engaged in unfair business acts or practices in violation of the UCL by representing false original prices at which prices it never intended or expected to sell products. Defendants' corresponding posting of lower sales prices for its produces, and further price reductions, resulted in false, misleading, and deceptive illusions of discounts.

**25.** These acts and practices are unfair because they caused Plaintiff and other reasonable consumers to falsely believe that Defendants were offering value, discounts, or bargains from an actual retail price or a price at which the manufacturer expected the retailer to sell the products. The original price, however, did not, in fact, exist. For Defendants, the original price is a false and deceptive marker of value. As a result, purchasers, including Plaintiff, reasonably perceived that the products were worth more and valued at more than what they received. This perception has induced reasonable purchasers, including Plaintiff, to buy Defendants' Outlet Products, which they otherwise would not have purchased, would not have paid as much for, or would not have paid a premium price for a luxury item.

**26.** The gravity of harm to members of the Class resulting from these unfair acts and practices outweighed any business justifications for Defendants' deceptive acts and practices. By committing the acts and practices alleged herein, Defendants engaged in unfair business practices within the meaning of the UCL. Such acts and violations have not abated and will continue to occur unless enjoined.

**27.** As a result of Defendants' unfair acts and practices, Plaintiff and members of the Class have suffered injury in fact in that they have lost money or property due to Defendants' false representations of original prices and discounts thereto by manufacturing products specifically for its outlet stores and including original prices for the items at prices Defendants never intended or expected to sell the items for.

1  Defendants then marketed "sales" and "discounts" from the original price – even
2  though the items were never sold for the original price.

3  **28.**  Moreover, Defendants' conduct as alleged herein solely benefits
4  Defendants while providing no benefit of any kind to any consumer. Such deception
5  utilized by Defendants converted large sums of money from Plaintiff and Class
6  members by misleading them as to the value of the product they purchased. This
7  systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the
8  members of the Class is not outweighed by any countervailing benefits to consumers.

9  **29.**  Finally, the injury suffered by Plaintiff and members of the Class is not an
10 injury that these consumers could reasonably have avoided. Defendants
11 misappropriated funds from Plaintiff and other consumers, and these consumers
12 suffered injury in fact due to Defendants' misrepresentation as to material facts
13 regarding their products. As such, Defendants took advantage of Defendants' position
14 of perceived power in order to deceive Plaintiff and the Class members. Therefore, the
15 injury suffered by Plaintiff and members of the Class is not an injury which these
16 consumers could reasonably have avoided.

17 **30.**  Pursuant to California Business & Professions Code § 17203, Plaintiff and
18 the Class are entitled to: (a) an order requiring Defendants to cease the acts of unfair
19 competition alleged herein; (b) an order enjoining Defendants from continuing to utilize
20 this deceptive scheme; (c) full restitution and disgorgement by Defendants of all profits
21 received by Defendants as a result of its wrongful practices; (d) interest at the highest
22 rate allowable by law; and (e) the payment of their attorneys' fees pursuant to, *inter*
23 *alia*, California Code of Civil Procedure § 1021.5.

24 **31.**  THEREFORE, Plaintiff prays for relief as set forth below.

**Fraudulent**

26 **32.**  California Business & Professions Code § 17200 prohibits any "unlawful,
27 unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue, or
28 misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

33.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

34.     Defendants' marketing and advertising were "fraudulent" within the meaning of the UCL because they deceived Plaintiff, and were likely to deceive members of the class, into believing that Defendants were offering value, discounts, or bargains from the prevailing market value or worth of the products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiff reasonably perceived that they were receiving products that regularly sold in the retail marketplace at substantially higher prices (and were, therefor, worth more) than what they paid.  This perception induced reasonable purchasers, including Plaintiff, to buy such products from Defendants, which they otherwise would not have purchased.

35.     Under Section 17203 of the Business & Professions Code, Plaintiff and the other members of the California Subclass are entitled to (a) an injunction ordering Defendants to cease engaging in any acts of unfair competition and to engage in a corrective advertising campaign in compliance with all applicable laws; (b) restitution and disgorgement of all unjustly retained profits paid to Defendants; (c) equitable relief; (d) pre- and post-judgment interest at the highest rate allowable by law; and (e) payment of attorneys' fees and costs pursuant to Section 1021.5 of the California Code of Civil Procedure.

36.     Defednants' acts and practices as described herein have deceived Plaintiff and were highly likely to deceive members of the consuming public.  Specifically, in deciding to purchase a product from Defendants, Plaintiff relied on Defendants' misleading and deceptive representations regarding its "MSRP" and "sale" prices.  Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and Plaintiff would not have purchased those items but for Defendants' misrepresentations.  Accordingly, Plaintiff suffered monetary loss as a direct result of Defendants' practices described herein.

37.     As a result of the conduct described above, Defendants have been unjustly

enriched by obtaining revenues and profits it would not have otherwise obtained absent its false, misleading, and deceptive conduct.

38. Under Section 17203 of the Business & Professions Code, Plaintiff and the Class are entitled to (a) an injunction ordering Defendants to cease engaging in any acts of unfair competition and to engage in a corrective advertising campaign in compliance with all applicable laws; (b) restitution and disgorgement of all unjustly retained profits paid to Defendants; (c) equitable relief; (d) pre- and post-judgment interest at the highest rate allowable by law; and (e) payment of attorneys' fees and costs pursuant to Section 1021.5 of the California Code of Civil Procedure.

39. THEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**Violation of California's Unfair Competition Law, § 17535**

**By Plaintiff and the Class Against Defendants**

40. Plaintiff incorporates all preceding paragraphs as though fully stated herein.

41. The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value, and former price.

42. Cal. Bus. & Prof. Code §17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. People may bring such an action on behalf of themselves or themselves and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

43. Defendants' practice of advertising the original prices, which were materially greater than the true prevailing prices of those products, was an unfair, deceptive, and misleading advertising practice because it gave the false impression that the products sold by Defendants regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were. In fact,

Defendants' products did not have a prevailing market price anywhere close to the original price advertised.

**44.** Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that the Court cause Defendants to restore this money to Plaintiff and all Class members, and to enjoin Defendants from continuing to violate the False Advertising Law as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**45.** Plaintiff and the Class requested relief as described below.

### THIRD CAUSE OF ACTION

**Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 17250** *et seq.*

**By Plaintiff and the Class Against Defendants**

**46.** Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**47.** Plaintiff and each member of the Class is a "consumer" within the meaning of California Civil Code § 1761(d).

**48.** Defendants are "persons" that sell "goods" to "consumers" within the meaning of Sections 1761(c), (a), and (d) of the Civil Code. Each individual purchase of the Cole Haan Outlet Products constitutes a separate "transaction" under Section 1761(e) of the California Civil Code.

**49.** As described herein, Defendants violated the CLRA by representing and creating a false original price and falsely representing the nature, existence, and amount of price discounts based on the false original price. Such a pricing scheme is in violation of California Civil Code Section 1770(a)(7), which prohibits "representing that goods ... are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another" and California Civil Code Section 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them

-17-

as advertised."

**50.**     The pricing scheme is also in violation of California Civil Code Section 1770(a)(13), which prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

**51.**     Defendants' representations of false original prices and false representations of purported savings, discounts, and bargains were material to Plaintiff's decision to purchase Cole Haan Outlet Products.

**52.**     Plaintiff relied on Defendants' false representations in deciding to purchase Cole Haan Outlet Products. Plaintiff would not have purchased Cole Haan Outlet Products, or would not have paid as much as they did, absent Defendants' unlawful conduct.

**53.**     Defendants knew their conduct was deceptive and likely to mislead reasonable consumers, including Plaintiff and the Class.

**54.**     Defendants had a duty to affirmatively disclose that its original price is false because it is not intended or expected to represent an actual retail price or retail value of any product.

**55.**     Defendants failed to disclose that the Cole Haan Outlet Products were not ever sold at the original advertised price.

**56.**     Defendants intended to engage in the deceptive or fraudulent acts of misrepresenting and omitting the false pricing scheme.

**57.**     As a direct and proximate result of Defendants' unlawful acts, the Plaintiff and all other members of the Class have suffered and will continue to suffer damages. Pursuant to Section 1780(a)(2) of the California Civil Code, Defendants should be enjoined from continuing to employ the unlawful methods, acts, and practices alleged in this Complaint to prevent any future harm to Plaintiff and the Class.

**58.**     Plaintiff, on behalf of himself and all others similarly situated, seek equitable relief in the form of an Order prohibiting Defendants from engaging in the alleged misconduct described herein, as well as other relief, such as corrective

advertising.

**59.** THEREFORE, Plaintiff prays for relief as set forth below.

### **PRAYER FOR RELIEF**

**60.** WHEREFORE, Plaintiff respectfully request the Court grant Plaintiff and the Class Members damages against Defendants and judgment as follows:

a. That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class Counsel;

b. An order requiring Defendants to pay restitution to Plaintiff and Class Members due to Defendants' UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205, in the amount of their subscription agreement payments;

c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all class members and to restore to Plaintiff and class members all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

d. That Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Civ. Code § 17250 *et seq*

e. That Plaintiff and Class Members are entitled to injunctive relief and restitution pursuant to Cal. Bus & Prof. Code § 17535;

/ / /
/ / /
/ / /
/ / /
/ / /

    **f.** That Plaintiff and Class Members be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and

    **g.** Any and all other relief as this Court may deem necessary or appropriate.

## TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: June 27, 2017

AMARTIN LAW, PC
BRENNAN & DAVID LAW GROUP

By: _____
Lindsay David, Attorney