1  **STEPTOE & JOHNSON LLP**
2  STEPHANIE A. SHERIDAN, State Bar No. 135910
   ssheridan@steptoe.com
3  ANTHONY J. ANSCOMBE, State Bar No. 135883
   aanscombe@steptoe.com
4  MEEGAN B. BROOKS, State Bar No. 298570
   mbrooks@steptoe.com
5  Steuart Tower, 1 Market St #1800
   San Francisco, CA 94105
6  Telephone: (415) 365-6700
   Facsimile: (415) 365-6678
7
   Attorneys for Defendant
8  COLE HAAN, LLC

9              **UNITED STATES DISTRICT COURT**

10           **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 KEVIN PARK, individually and on        Case No. 3:17-cv-01422-LAB-BGS
   behalf of all others similarly situated,

13              Plaintiff,                 **CLASS ACTION**

14        v.                               **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN SUPPORT OF**
15 COLE HAAN, LLC.                         **DEFENDANT'S MOTION TO**
                                           **DISMISS PLAINTIFF'S FIRST**
16              Defendant.                 **AMENDED COMPLAINT**

17

18                                         Date:    November 5, 2018
                                           Time:    11:15am
19                                         Judge:   Hon. Larry A. Burns
                                           Ctrm:    14A
20

21

22

23

24

25

26

27

28

1

2

**Table of Contents**

3    I.      INTRODUCTION AND SUMMARY OF ARGUMENT ..............................1

4    II.     PLAINTIFF'S ALLEGATIONS................................................................2

5    III.    PLAINTIFF LACKS STANDING ..........................................................6

6            A.      Rule 12(b)(1) Requires Dismissal Where the Pleadings
                     or Evidence Demonstrate that the Court Lacks Subject
7                    Matter Jurisdiction ................................................................6

8            B.      Metadata On Plaintiff's Originally-Filed Complaint and
                     Plaintiff's Misrepresentations to the Court ...........................7

9
             C.      Plaintiff's Failure to Return His Purchase ...........................11
10
     IV.     PLAINTIFF DOES NOT STATE A CLAIM THAT COLE HAAN'S
11           PRICING IS DECEPTIVE.....................................................................11

12           A.      Applicable Pleading Standards .............................................11

13           B.      Plaintiff Fails to Allege the Circumstances of his Transaction
                     with Requisite Particularity..................................................12
14
             C.      Reasonable Consumers Would Not Share Plaintiff's Distorted
15                   Interpretations of Cole Haan's Pricing ................................14

16                   1.      "Value" Prices Versus "Former" Prices ....................15

17                   2.      Cole Haan's Outlet Prices Says Nothing About Cole
                             Haan's Retail Stores ...................................................16
18
             D.      Plaintiff Does Not Allege Facts to Support His Claim that the
19                   Sneakers' Reference Price Was False or Deceptive .............17

20           E.      Plaintiff Cannot Save His Lawsuit By Framing His Allegations
                     As Omissions-Based Claims..................................................19
21
     V.      PLAINTIFF'S OTHER CLAIMS MUST BE DISMISSED .........................21
22
             A.      Plaintiff's Second Cause of Action Does Not Make Any Sense..........21
23
             B.      Plaintiff Does Not Allege Any Conduct Violative of the CLRA .........21
24
             C.      Plaintiff's Unfairness and Unlawfulness Claims Also Fail .................23
25
     VI.     CONCLUSION .....................................................................................24

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerman v. Nw. Mut. Life Ins. Co.*,
   172 F.3d 467 (7th Cir. 1999) ................................................................. 19

*Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc.*,
   171 Cal. App. 4th 1356, 124 Cal.Rptr.3d 271 (2009) ........................... 20

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ......................................................................... 11

*Azimpour v. Sears, Roebuck & Co.*,
   No. 15-CV-2798 JLS (WVG), 2016 WL 7626188 (S.D. Cal. Oct.
   17, 2016) .............................................................................................. 13

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (Cal. App. 4th Dist. 2006) ............................. 16

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................. 11

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) .............................................................. 12

*U.S. ex rel. Bogina v. Medline Indus., Inc.*,
   809 F.3d 365 (7th Cir. 2016) ................................................................ 12

*Cattie v. Wal-Mart Stores, Inc.*,
   504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................. 10

*Citizens United v. Fed. Election Comm'n*,
   558 U.S. 310 (2010) ................................................................................ 7

*Clapper v. Amnesty Int'l USA*,
   133 S. Ct. 1138 (2013) ........................................................................... 7

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
   765 F. Supp. 1467 (C.D. Cal. 1991) ..................................................... 12

*Daugherty v. Am. Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2006) ............................................................... 19

-ii-

*Davidson v. Kimberly-Clark Corp.,*
   76 F. Supp. 3d 964 (N.D. Cal. 2014) ................................................................... 19

*Ebner v Fresh, Inc.,*
   838 F.3d 958 (9th Cir. 2016) ................................................................................ 14

*G.R.I. Corp. v. Golden Fifty Pharm. Co., Inc.,*
   No. 74c2830, 1975 WL 21148 (N.D. Ill. Apr. 18, 1975) ............................. 15, 17

*Gentry v. eBay, Inc.,*
   99 Cal. App. 4th 816 (2002) ................................................................................ 15

*Handy v. LogMeIn, Inc.,*
   No. 1:14-CV-01355 - JLT, 2015 WL 4508669 (E.D. Cal. July 24,
   2015) .................................................................................................................... 14

*Hill v. Roll Int'l. Corp.,*
   195 Cal. App. 4th 1295 (2011) .......................................................................... 7, 8

*In re iPhone 4S Consumer Litig.,* No. 14-15487,
   2016 WL 758346 (9th Cir. Feb. 25, 2016) ......................................................... 12

*Irving v. Lennar Corp.,*
   No. CIV S 12-290,2013 ....................................................................................... 15

*Jacobo v. Ross Stores, Inc.,*
   No. 15-cv-04701-MWF, 2016 WL 3483206 (C.D. Cal. June 17,
   2016) .................................................................................................................... 22

*Jacobo v. Ross Stores, Inc.,*
   No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb.
   23, 2016) ............................................................................................................. 18

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) ....................................................................... 11, 13

*Kwikset Corp. v. Superior Court,*
   51 Cal. 4th 310 (2011) ........................................................................................... 7

*Lacano Investments, LLC* v. *Balash,*
   765 F.3d 1068 (9th Cir. 2014) ............................................................................... 7

*Lavie v. Procter & Gamble Co.,*
   105 Cal. App. 4th 496 (2003) .............................................................................. 14

*LiMandri v. Judkins,*
    52 Cal. App. 4th 326 (1997) ............................................................ 19

*Lingsch v. Savage,*
    213 Cal. App. 2d 729, 29 Cal.Rptr. 201 (1963) ............................... 20

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ........................................................................... 6

*Marolda v. Symantec Corp.,*
    672 F. Supp. 2d 992 (N.D. Cal. 2009) ............................................. 20

*McConnell v. Fed. Election Comm'n,*
    540 U.S. 93 (2003) .............................................................................. 7

*Mehta v. Wells Fargo Bank, N.A.,*
    737 F. Supp. 2d 1185 (S.D. Cal. 2010) ........................................... 23

*Muhammad-Smith v. Psychiatric Sols., Inc.,*
    877 F. Supp. 2d 552 (N.D. Ohio 2012) ........................................... 10

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,*
    86 Cal. App. 4th 303 (2000) ............................................................ 15

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ............................................................... 12

*Nunez v. Best Buy Co.,*
    315 F.R.D. 245 (D. Minn. June 7, 2016) .......................................... 13

*O'Donnell v. Bank of America Nat. Ass'n.,*
    504 Fed. Appx. 566 (9th Cir. 2013) ................................................. 23

*Paice, LLC v. Hyundai Motor Co.,*
    302 F.R.D. 128 (D. Md. 2014) ......................................................... 10

*Pollard v. Ericsson, Inc.,*
    125 Cal. App. 4th 214 (2004) .......................................................... 21

*Rael v. N.Y. & Co.,*
    No. 16-cv-369-BAS(JMA), 2016 WL7655247 (S.D. Cal. Dec. 28,
    2016) ........................................................................................... 13, 18

*Rael v. New York & Co., Inc.*,
   No. 16-cv-369-BAS(JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28,
   2016) .................................................................................................. 18

*Ries v. Hornell Brewing Co., Inc.*,
   No. 5:10-cv-01139, 2011 WL 1299286 (N.D. Cal. Apr. 14, 2011) .................... 13

*Rimkus Consulting Group, Inc. v. Cammarata*,
   688 F. Supp. 2d 598 (S.D. Tex. 2010) ................................................... 10

*Robinson v. City of Arkansas City, Kan.*,
   912 F. Supp. 2d 1045 (D. Kan. 2012) .................................................... 10

*Rubenstein v. The Gap, Inc.*,
   14 Cal. App. 5th 870, 877 (Ct. App. 2017) ....................................*passim*

*Saulic v. Symantec Corp.*,
   596 F. Supp. 2d 1323 (C.D. Cal. 2009) ................................................... 7

*Savage v. Glendale Union High School, Dist. No. 205, Maricopa Cnty.*,
   343 F.3d 1036 (9th Cir. 2003) ........................................................ 7, 10

*Scripps Clinic v. Superior Court*,
   108 Cal. App. 4th 917 (4th Dist. 2003) ................................................. 23

*Seegert v. Luxottica Retail N.A., Inc,.*
   No. 17CV1372 ............................................................................. 14

*Sperling v. DSW Inc.*,
   No. 15-1366, 2016 WL 354319 (C.D. Cal. Jan. 28, 2016) ............................ 24

*Sperling v. DSWC, Inc.*,
   699 Fed. Appx. 654 (9th Cir. 2017) ..................................................... 18

*Spokeo v. Robins*,
   No. 13-1339, 578 U.S. __, slip op. (May 16, 2016) ..................................... 6

*T3 Motion, Inc. v. Tsumpes*,
   No. G053654, 2017 WL 5372962 (Cal. App. 4th Dist. Nov. 14,
   2017), *review denied* (Feb. 14, 2018 ................................................... 10

*Taylor v. Nike, Inc.*,
   No. 3:16-CV-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) .................. 22

*In re Tobacco II Cases,*
    46 Cal. 4th 298 (2009) ............................................................................. 7

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) ............................................................... 11

*Von Koeing v. Snapple Beverage Corp.,*
    713 F. Supp. 2d 1066 (E.D. Cal. 2010) ................................................. 13

*Warren v. Fox Family Worldwide, Inc.,*
    328 F. 3d 1136 (9th Cir. 2003) ................................................................. 7

*Welk v. Beam Suntory Imp. Co.,*
    124 F. Supp. 3d 1039 (S.D. Cal. 2015) .............................................. 3, 14

**Statutes**

15 U.S.C. § 52(a) ............................................................................................. 6

Cal. Civ. Code § 1770, subdivisions (a)(7) ................................................... 21

Cal. Civ. Code § 1780(a) ............................................................................... 23

Cal. Civ. Code § 3515 ..................................................................................... 7

Califorina's Consumer Legal Remedies Act, Cal. Civil Code § 1750 ............ 6

California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ............ 6

California's Unfair Competition Law, Bus. & Prof. Code § 17200 ............. 5, 21

California Unfair Competition Law ................................................................ 24

CLRA ............................................................................................ 7, 21, 22, 23

Consumer Legal Remedies Act ....................................................................... 6

D.C. Code § 28–3904(j) ................................................................................. 23

FAL ....................................................................................................... 6, 7, 23

Federal Trade Commission Act ..................................................................... 24

FTC Act, 15 U.S.C. § 45(a)(l) ........................................................................ 6

K.S.A. 50-626(b)(7) ...................................................................................... 23

Md. Code Ann. Com. Law § 13-301 ........................................................... 23

UCL .............................................................................................. 6, 7, 21

**Other Authorities**

9 AAC 05.020 ........................................................................................ 23

16 C.F.R. § 233.2(c) .............................................................................. 15

16 C.F.R. § 233.3 .................................................................................. 24

29 Fed. Reg. 178 (1964) ........................................................................ 24

F.R.E. 201 ........................................................................................... 10

Fed. R. Civ. Proc. 9(b) ...................................................................... *passim*

Fed. R. Civ. Proc. 12(b)(1) .................................................................. 6, 7

Fed. R. Civ. Proc. 12(b)(6) ........................................................... 2, 3, 5, 11

Fed. R. Civ. Proc. 26 .............................................................................. 9

NYC Admin. Code § 20-701(a)(6)(same) ................................................ 23

*Reduction*, MERRIAM WEBSTER DICTIONARY (last accessed August 22,
    2017), http://www.merriam-webster.com/dictionary/reduction ........................... 22

United States Constitution Article III ....................................................... 6

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's First Amended Complaint (FAC) fails to address the deficiencies raised in this Court's order granting Cole Haan's previous motion to dismiss—Plaintiff again fails to adequately allege the circumstances of his purchase, or how Cole Haan's "Value" pricing is deceptive.  The FAC should be dismissed with prejudice.

Plaintiff bought a pair of sneakers at a Cole Haan outlet, and now complains that he did not receive as good of a deal as he thought he was getting.  He does not claim to have paid more for the sneakers than they are actually worth, or that they are worse quality than he expected when he decided to purchase them in the store.  Instead, Plaintiff claims to have been injured based on his belief that the shoes were not previously sold in Cole Haan's main line (non-outlet) retail stores, and because he believes that Cole Haan never sold them at their reference price—which plaintiff previously claimed was an "original" price, but which he now recognizes was a "value" representation.

The circumstances of this lawsuit strongly indicate that Plaintiff did not make his purchase because of reliance on Cole Haan's reference pricing, but instead because he wanted to manufacture a claim against Cole Haan.  Not only did Plaintiff hire two law firms to prepare  a 20-page complaint and sign it on June 27, 2017, within two days of his purchase, he then affirmatively misrepresented to this Court the date the complaint was written.  In the last round of pleading motions, Plaintiff claimed the complaint was signed on July 13, 2017, nearly three weeks after Plaintiff made his purchase.  This is demonstrably untrue, as the Court can determine for itself. The metadata on the as-filed original complaint (Dkt. 1) shows that Plaintiff finalized it in PDF form on June 29, 2017—just four days after the purchase at issue, and two weeks before the date Plaintiff has told this court it was signed.

Regardless, Plaintiff has failed to state a claim.  The FAC relies on the same general theory of deception as many other pricing cases, but offers even fewer facts to support Plaintiff's claims than the vast majority of cases that have already been

dismissed under Rule 12(b)(6).  Plaintiff continues to omit important evidentiary details about his purchase, such as where he saw the reference price for the sneakers; how much he actually paid; and the precise representations he read and relied on.  Plaintiff appears to recognize that the reference price on his sneakers was a "value" representation, and as this court has explained, it is "incorrect" to treat a valuation as a former price.  (Dkt.  16 at 9.)

## II.    PLAINTIFF'S ALLEGATIONS

On June 25, 2017, Plaintiff allegedly purchased Grand Crosscourt II sneakers from the Cole Haan outlet store in Carlsbad, California.  The sneakers "included a price of $182," and "a sign above it[1] said 50% off."  (FAC ¶ 19.)  He believed this $182 price was the price at which the shoes previously sold at Cole Haan's main line stores, "because it was similar to the prices of the traditional stores."  (*Id*. ¶ 20.)  Plaintiff allegedly purchased an undisclosed second item, in addition to the sneakers, in order to take advantage of a promotion offering $50 off purchases of $200 or more.  (*Id*. ¶ 19.)  He does not allege how much he paid.

Plaintiff claims that Cole Haan deceives consumers by:  (1) advertising in its outlets false "original prices" – that is, purported former prices at which the items were never actually offered; and (2) by selling made-for-outlet merchandise that has never been sold in Cole Haan's main line stores, and that is of inferior quality to Cole Haan's retail line.  (*Id*. ¶¶ 1-6.)  He claims that he would not have purchased, or paid as much for, the sneakers if he had known that they had never sold for the listed price and had never been offered at Cole Haan's main line stores.  (*Id*. ¶ 22.)  He does claim to have paid more for the sneakers than they are actually worth.

Conspicuously absent from the FAC are any details about the representations Plaintiff allegedly saw and relied on.  For example, although "signage" allegedly led him to "believe[] that he was purchasing an item originally sold at the higher price of $182 and on sale for 50% off," (*id*. ¶ 19),  he does not allege what this signage actually

---

[1] It is unclear whether this sign was above the sneakers, the price, or both.

said.  He similarly does not allege where the $182 price for the sneakers was "included" (such as on a sign, a sticker on the shoe, or a price tag),  or whether that $182 price display included any qualifying verbiage (such as "Value," "Original," or "MSRP"). *Id*. *See also* Dkt. 16 at 8 ("The Complaint's description of the representations is extremely vague … it never says what he is quoting. Nor does he give the complete statement or even an approximation of it.")  Plaintiff also does not include any examples of this signage, such as photographs—instead, it appears that the FAC's new allegations are generally based on Plaintiff's year-old memory.

One of the facts missing from the FAC is that Cole Haan's price displays advertise the "Value" of outlet goods, such as in the following example, which was taken around the time of Plaintiff's purchase:[2]



---

[2] *See* Request for Judicial Notice ("RJN"), Exhibit C.  This Court may consider Cole Haan's price display because the complaint frequently refers to Cole Haan's price representations, making them central to Plaintiff's FAC.  *See Welk v. Beam Suntory Imp. Co*., 124 F. Supp. 3d 1039, 1041-42 (S.D. Cal. 2015).  Plaintiff has not disputed the authenticity of this photograph, which was filed with the Complaint (Dkt. 6-3), and the allegations in the FAC do not "preclude[] the possibility that these price tags and signs are authentic." (Dkt. 16 at 10.)

1    The FAC appears to recognize that the listed price was a "value price."[3]  (FAC ¶

2  4, 6, 17, 20, 4[4], 5, 11, 14-16, 24, 27, 33, 35, 40.)  Park argues that "value" is the same as

3  "original price," notwithstanding this Court's rejection of this argument as being

4  incorrect. (Dkt. 16 at 9 – "If Park concedes that Defendants' representations to him

5  concerned the shoes' 'value' rather than 'original price,' this part of his claim is

6  unlikely to succeed.")  Indeed, although the FAC removed references to "'original'"

7  and "'regular'" prices, which appeared in quotation marks throughout the original

8  complaint,  the FAC still frequently refers to Cole Haan's prices as "original prices"

9  (not in quotation marks).  (*Id.* ¶ 1, 4, 5, 19, 1, 5(m), 15-16, 24, 26.)  Elsewhere, the FAC

10  discusses MSRP prices.  (*Id.* ¶ 13.)

11    The FAC also does not allege any facts to support his claim that the sneakers

12  never actually sold for their listed "Value" price.  Plaintiff does not appear, for

13  example, to have conducted any investigation to determine what other retailers,

14  including Cole Haan's main line stores, charge for similar items.  Plaintiff does not

15  allege facts to support his conclusory allegations that the sneakers he bought did not

16  have a market price equivalent to what he paid,  or that the sneakers were of lesser

17  quality than what he expected when he picked them up in the store.  He claims that the

18  "II" in the name of his sneakers indicates that the shoes were made for Cole Haan's

19  outlets (FAC ¶3), "[b]ut he never alleges any facts that suggest he was misled into

20  thinking the Grand Crosscourt II was originally sold in a regular retail outlet, or that he

21  knew whether there was Grand Crosscourt (without the 'II'), or that he confused Grand

22  Crosscourt with Grand Crosscourt II."  (Dkt. 16 at 8-9.)

23

24    [3] In granting Cole Haan's motion to dismiss the original Complaint, the Court

25  recommended that Plaintiff "investigate and determine whether [this and other photos
filed in support of Cole Haan's previous motion at Dkt. 6-3] are authentic. If they are,

26  the Complaint's allegations about Defendants' representations should be amended to
match the facts."  (Dkt. 16 at 10.)

27    [4] As in the original complaint, the paragraph numbering in the FAC re-starts at 1 in

28  the "Class Action Allegations" section.

In support of his contention that the shoes are of lower quality than those sold in Cole Haan's retail line, Plaintiff argues that his wife did not think the shoes felt as comfortable as "a high-quality pair she had previously owned." (FAC ¶ 21.)  The FAC fails to explain why the comfort of another, unrelated pair of shoes is relevant to the quality of the sneakers at issue; whether the "high-quality pair" of shoes being compared were the same shoes (or even Cole Haan shoes); or whether they had been purchased from Cole Haan's outlets, retail stores, or elsewhere.  Plaintiff also claims that he "examined the show [sic] and noticed that there appeared to be some glue along the sole and the stitching was coming up." (*Id*.)  However, if true, these are issues Plaintiff should have noticed in the store, when he looked at the shoes and decided to purchase them.  Plaintiff also claims that through "some online research," he "discovered that the shoes he purchased were not the same quality, [and were] never sold at the traditional store." (*Id*.)  The FAC does not allege when Plaintiff "examined" the shoes (before or after purchase, or a year later?), and does not offer any details about his alleged "research."

Plaintiff brings claims under the "fraudulent," "unlawfulness," and "unfairness" prongs of California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200, along with § 17535,  which concerns injunctive relief under the UCL.[5]  He bases his "unlawfulness" claim, in turn, on California's  Consumer Legal Remedies Act (CLRA), Cal. Civil Code § 1750; California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500;  and the FTC Act, 15 U.S.C. § 45(a)(l) and 15 U.S.C. § 52(a).  Plaintiff seeks to represent a putative class of "All persons who purchased a Cole Haan Outlet Product made for the Cole Haan Outlet in California bearing an original price at any time since July 13, 2013."  (FAC, Class Action Allegations section, ¶ 1.)

The FAC drops all claims against Apax Partners, claims for injunctive relief, and Plaintiff's claim under the Consumer Legal Remedies Act (CLRA).  With regard to the

---

[5] The caption says this second cause of action is brought under the FAL,  but there is no standalone FAL claim in the FAC.

1   defendant named in the Complaint, Plaintiff again alleges that "Defendant Cole Haan,

2   Inc. [*sic*][6] is a Delaware company with its principal place of business in New

3   Hampshire." (FAC ¶8.)

4   **III.   PLAINTIFF LACKS STANDING**

5   **A.   Rule 12(b)(1) Requires Dismissal Where the Pleadings or Evidence**

6   **Demonstrate that the Court Lacks Subject Matter Jurisdiction**

7   Article III of the United States Constitution dictates that jurisdiction of the

8   federal courts extends only to actual cases or controversies.  To satisfy the Article III

9   standing requirements, a plaintiff must allege:  (1) that he has suffered injury in fact; (2)

10   a causal connection between the injury and the conduct complained of;  and (3) the

11   likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders*

12   *of Wildlife*, 504 U.S. 555, 560-61 (1992).  "The plaintiff,  as the party invoking federal

13   jurisdiction,  bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*,

14   136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016).

15   When determining whether a plaintiff has established standing, the court need

16   not accept legal conclusions in a complaint as true,  even if "cast in the form of factual

17   allegations." *Lacano Investments, LLC* v. *Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014).

18   Where the face of the complaint does not demonstrate a basis for standing, the court

19   should dismiss the action. *Warren v. Fox Family Worldwide, Inc.*, 328 F. 3d 1136,

20   1139-40 (9th Cir. 2003).  Rule 12(b)(1) also allows a defendant to raise a factual attack

21   on standing, using evidence that demonstrates the plaintiff's lack of subject matter

22   jurisdiction. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa Cnty.*,

23   343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

24   It is well-established that a plaintiff may not create federal standing for himself

25   through a "self-inflicted injury," which breaks the causal connection between the

26

_____

27   [6] In the caption, Plaintiff acknowledges that the named "Cole Haan" entity is an
LLC.  Yet, as in the original Complaint, the body of the FAC refers to "Cole Haan,

28   Inc."  (FAC Introduction; *id.* ¶8.)  In fact, there is no entity called "Cole Haan, Inc."

plaintiff and the defendant. *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 228 (2003) overruled on other grounds by *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010) (plaintiffs lacked standing to challenge election reform law because injury stemmed from plaintiffs' "personal choice" rather than from the statute); *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013) (a plaintiff "cannot manufacture standing merely by inflicting harm on [himself]. . . ."); *Saulic v. Symantec Corp.*, 596 F. Supp. 2d 1323, 1329 (C.D. Cal. 2009) ("A person cannot establish injury and standing by spending money solely to pursue litigation"). *Accord* Cal. Civ. Code § 3515 ("He who consents to an act is not wronged by it."); § 3516 ("Acquiescence in error takes away the right of objecting to it.")

Similarly, to have standing to bring a claim under the UCL, FAL and CLRA, a plaintiff "must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions." *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009); *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 317 (2011) (a plaintiff must "*truthfully allege* they were deceived by a product's label into spending money to purchase the product…") (emphasis added); *Hill v. Roll Int'l. Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (the applicable standard is that of the reasonable consumer "acting reasonably in the circumstances-not just any consumer" and surely not an "overly suspicious" consumer looking to manufacture claims).

## B. Metadata On Plaintiff's Originally-Filed Complaint and Plaintiff's Misrepresentations to the Court

Plaintiff claims to have bought his sneakers on June 25, 2017 (a Sunday). His original Complaint is dated June 27, 2017 (a Tuesday). Cole Haan argued in its motion to dismiss the original Complaint that only a plaintiff looking to manufacture claims would have engaged two law firms to draft a 20-page complaint within two days of his purchase, especially when he could have returned the shoes for a full refund instead.

In opposition, Plaintiff claimed that the June 27, 2017 "date on the complaint

**was clearly a mistake**," that "[t]he complaint was actually signed on … July 13, 2017." (Dkt. 9 at 1, emphasis in original.)  In granting Cole Haan's motion to dismiss, the Court recognized that the timing of the complaint "looks suspicious," and said that it "ordinarily … would hold an evidentiary hearing." (Dkt. 16 at 5.)  However, "For now, the Court accepts Park's counsel's admission that this was a careless error." *Id.*

The Court does not appear to have considered the metadata from the Complaint, introduced in Cole Haan's reply brief, which shows that the Complaint was saved as a PDF ("Created") on June 29, 2017—just *four days* after Plaintiff made his purchase, *two days* after the Complaint was signed, and *more than two weeks before Plaintiff now claims* to have signed it.  (RJN, Exh. A.)  This metadata, which is easily accessible through Adobe Reader or Acrobat by clicking File > Properties, directly contradicts Plaintiff's assertions that the signature date on the Complaint was a mistake and that the Complaint was not signed until July 13, 2017:[7]

//

//

//

//

//

---

[7] Plaintiff's counsel has provided Cole Haan with a screenshot showing what Plaintiff claims to be metadata from the as-filed complaint, listing a "Created" date on July 13, 2018.  The document shown in that screenshot, from which Plaintiff purported to pull metadata, did not include the ECF time-stamp on the header, and the metadata shows that the document is drastically smaller than the as-filed Complaint (291 KB versus 698.32 KB).  The Court should trust the publicly available metadata on the Complaint actually filed—not Plaintiff's own say-so as to some other document.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

**Document Properties** ×

Description | Security | Fonts | Initial View | Custom | Advanced

**Description**

File:    Park v Cole Haan_Original Complaint

Title:   Microsoft Word - Park_Cole Haan_Complaint.docx

Author:

Subject:

Keywords:

Created:   6/29/2017 9:04:48 PM                          Additional Metadata...

Modified:  8/3/2018 12:09:31 PM

Application:  Word

**Advanced**

PDF Producer:  Mac OS X 10.12.1 Quartz PDFContext; modified using iText® 5.5.4 ©2000-2014 iText Group NV (AGPL-version)

PDF Version:   1.6 (Acrobat 7.x)

Location:     C:\Users\mbrooks\Downloads\

File Size:     698.32 KB (715,075 Bytes)

Page Size:    8.50 x 11.00 in                Number of Pages:  20

Tagged PDF:   No                            Fast Web View:    No

Help                                              OK        Cancel

19
20
21
22
23
24
25
26
27
28

By definition, metadata is "information embedded in a routine computer file reflecting the file creation date, when it was last accessed or edited, by whom, and sometimes previous versions or editorial changes." Manual for Complex Litigation (Fourth) § 11.446 (2012); *see also* Fed. R. Civ. Proc. 26 advisory committee notes, 2006 Amendment (metadata may contain "information describing the history, tracking or management of an electronic file"). Courts frequently consider documents' metadata to determine the date they were created—even where one party claims that the document was created on a different date. *See T3 Motion, Inc. v. Tsumpes*, No. G053654, 2017 WL 5372962, at \*4 (Cal. App. 4th Dist. Nov. 14, 2017), *review*

*denied* (Feb. 14, 2018) ("Metadata for the pdf reflected that it was created on 6/14/15, long after it was reportedly signed."); *Muhammad-Smith v. Psychiatric Sols., Inc.*, 877 F. Supp. 2d 552, 556-61 (N.D. Ohio 2012) (same); *Robinson v. City of Arkansas City, Kan.,* 912 F. Supp. 2d 1045, 1057 (D. Kan. 2012) (same); *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 638 (S.D. Tex. 2010) (using metadata to determine document creation date); *Paice, LLC v. Hyundai Motor Co.*, 302 F.R.D. 128, 133 (D. Md. 2014) (same).   Here, the creation date is subject to judicial notice, because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See* F.R.E. 201; see also RJN, Exh. A.  Regardless, the Court may consider this extrinsic evidence introduced in support of Cole Haan's factual challenge to Plaintiff's standing. *See, e.g. Savage*, 343 F.3d at 1039 n. 2.

"The possibility that Plaintiff did not rely on the allegedly false advertising when making [his] purchase is [] more than purely theoretical" where, as here,  Plaintiff's Complaint was finalized in PDF form just four days after Plaintiff made the purchase at issue. *See Cattie v. Wal-Mart Stores, Inc*., 504 F. Supp. 2d 939, 946-47 (S.D. Cal. 2007);  *see also id.* at 948 ("An attorney who became aware of false advertising but who had no client who was harmed by it could easily 'create' a client with standing to sue by directing a willing party who was not deceived by the advertising to make a purchase. Thus, omitting a 'reliance' requirement would blunt Proposition 64's intended reforms.").  Not only was the complaint finalized at warp speed (or even prepared prior to Plaintiff's purchase),  it appears that Plaintiff's counsel then tried to cover it up by making misrepresentations to the Court about the timing of the complaint.  These circumstances strongly suggest that Mr. Park went to Cole Haan at the direction of his counsel for the express purpose of buying a lawsuit, not a pair of sneakers.

If the Court does not outright dismiss the case, it should conduct an evidentiary hearing to determine whether Plaintiff has met his burden to establish standing or whether, as the evidence suggests, his purchase was made at the behest of someone

else.

### C.     Plaintiff's Failure to Return His Purchase

Plaintiff's failure to return his sneakers provides further evidence that he was not injured.  *See Rubenstein v. The Gap, Inc.,* 14 Cal. App. 5th 870, 877 (Ct. App.  2017) ("A reasonable consumer … could return items after purchase if they turn out to be unsatisfactory.")  A customer dissatisfied with his purchase could have returned his purchases within 30 days for a full refund.  Given that Plaintiff here decided to sue within days of his purchase (if not before his purchase),  he had plenty of time to initiate a return.  (*See* RJN, Exh. B, Cole Haan's Return Policy.)

## IV.   PLAINTIFF DOES NOT STATE A CLAIM THAT COLE HAAN'S PRICING IS DECEPTIVE

### A.     Applicable Pleading Standards

In order to survive a  Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 Wright & Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of Facts that merely creates a suspicion [of] a legally cognizable right of action.")).  If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 547.

Additionally, where claims are "grounded in fraud," the pleading must satisfy the particularity requirement of Rule 9(b).  *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125-26 (9th Cir. 2009).  This includes identifying "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation

marks and citations omitted) (alteration in original); *see also In re iPhone 4S Consumer Litig.*, No. 14-15487, 2016 WL 758346, at *3 (9th Cir. Feb. 25, 2016).   Rule 9(b) serves not only to give notice to the defendant of the specific fraudulent conduct against which it must defend, but also:

> [T]o deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (internal citations and quotation marks omitted).

"It is well settled that fraud '[a]llegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded."  *Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (citing *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1432-33 (N.D. Cal. 1988)); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief."); *U.S. ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) ("'[O]n information and belief' can mean as little as 'rumor has it that....'").

### B.   Plaintiff Fails to Allege the Circumstances of his Transaction with Requisite Particularity

Plaintiff fails to satisfy Rules 8 and 9 because he does not identify the allegedly deceptive representations at issue.  For example, Plaintiff does not say what he saw that led him to believe his sneakers had an "original price" of $182.  Did Cole Haan advertise this on a sign, on the item's price tag, or elsewhere, and what did it say?  *See also* Dkt. 16 at 8 ("The only fact he alleges that tends to show the representations were misleading was Park's own interpretation of them.")  He also does not allege whether he saw the word "Value," or any other verbiage next to the $182 price.

Where alleged misrepresentations occur in printed form, Rule 9(b) requires plaintiffs to identify the particular representation on which they relied, so that the defendant has "the opportunity to respond to the alleged misconduct." *Kearns*, 567 F.3d at 1126 (affirming district court's dismissal where plaintiff identified television advertisements and sales materials for cars, but failed to "specify when he was exposed to them or which ones he found material."). This can be done by "identifying or attaching the representative samples." *See, e.g.*, *Von Koeing v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1078 (E.D. Cal. 2010) (dismissing plaintiff's claims to the extent that they were "based upon other advertisements and marketing or based upon other labels not submitted to the court."); *Ries v. Hornell Brewing Co., Inc.*, No. 5:10-cv-01139, 2011 WL 1299286, at *4 (N.D. Cal. Apr. 14, 2011) (same).

In the pricing litigation context, courts have required plaintiffs to specify what the reference price and/or promotion at issue actually said or looked like. See, e.g. *Azimpour v. Sears, Roebuck & Co.*, No. 15-CV-2798 JLS (WVG), 2016 WL 7626188, at *7 (S.D. Cal. Oct. 17, 2016) ("Plaintiff merely states the he "observed merchandise for which 'regular' prices were listed alongside 'discounted' prices in larger, bold fonts" . . . Without more, Defendant plainly cannot verify Plaintiff's allegations of fraud as it applies to its sale of the pillow, much less any other product."); *Rael v. N.Y. & Co.,* No. 16-cv-369-BAS(JMA), 2016 WL7655247, at *6-7 (S.D. Cal. Dec. 28, 2016) ("Nowhere does Plaintiff give details as to what signs she relied on, what the signs said or looked like, or where they were located."); *Nunez v. Best Buy Co.*, 315 F.R.D. 245, 249 (D. Minn. June 7, 2016) (dismissing a complaint for failure to satisfy Rule 9(b) where plaintiff did "not specify whether he relied upon, for example, a price tag in a store, a paper flyer, an e-mail, or a price listed on Best Buy's website").

As in these other cases, "the details of the 'pricing information' that *Plaintiff saw* and relied on are peculiarly in [Plaintiff's] control." *Azimpour*, 2016 WL 7626188, at *7 (emphasis in original). Given his claims that Cole Haan's pricing practices are deceptive, he was required to identify the precise wording of the allegedly deceptive

representations, and has again failed to do so.

### C. Reasonable Consumers Would Not Share Plaintiff's Distorted Interpretations of Cole Haan's Pricing

Plaintiff claims that reasonable consumers would interpret Cole Haan's outlet pricing to mean: (a) that each item was previously sold at Cole Haan's retail stores; and (b) that the items were sold at the listed price. (FAC ¶¶ 5, 22.) However, Plaintiff does not point to any representations by Cole Haan to support his proposed interpretations.

Where a court can conclude as a matter of law that members of the public are not likely to be deceived, dismissal at the pleading stage is appropriate. *See, e.g. Ebner v Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016); *Welk*, 124 F. Supp. 3d at 1044 ("A reasonable consumer wouldn't interpret the word 'handcrafted' on a bourbon bottle to mean that the product is literally 'created by a hand process rather than by a machine.'"). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). "[W]here, as here, deception can be found only through ignoring the plain meaning of the words… the advertisements could not possibly have encouraged a reasonable consumer." *See Handy v. LogMeIn, Inc.*, No. 1:14-CV-01355 - JLT, 2015 WL 4508669, at *8 (E.D. Cal. July 24, 2015).

Plaintiff's claims do not survive "even a dim-witted consumer standard," much less the reasonable consumer standard that actually applies. *Seegert v. Luxottica Retail N.A., Inc.*,. No. 17CV1372 JM(BLM), 2018 WL 1214888, at *2 (S.D. Cal. Feb. 23, 2018). Plaintiff's theories—that consumers would interpret "Value" prices as former prices, and interpret those prices to be representations about the quality of outlet goods in comparison to other goods—are objectively unreasonable and should be rejected.

1           **1.   "Value" Prices Versus "Former" Prices**

2          It is implausible that reasonable consumers would interpret the phrase "Value,"

3      in the context of Cole Haan outlets, to mean that the item necessarily sold previously

4      for that price.[8]  *See also* RJN Exh. C.  Indeed, Plaintiff's definition of value (the former

5      price of the exact same item) would lead to absurd results, because it would preclude

6      one-of-a-kind items from having any value at all.  It also contradicts the plain meaning

7      of the word "value," which merely means "a fair return or equivalent in goods,

8      services, or money for something exchanged" or "the monetary worth of

9      something…"  *See* MERRIAM WEBSTER DICTIONARY, http://www.merriam-

10     webster.com/dictionary/ value (last accessed 3/10/17); see also Dkt. 16 at 9 ("by itself

11     an unquantifiable statement of 'value' is unlikely to be misleading. If Park concedes

12     that Defendants' representations to him concerned the shoes' 'value' rather than

13     'original price,' this part of his claim is unlikely to succeed.").

14         It is far more probable that a consumer would simply construe "Value" as a

15     statement of opinion as to the value of the item, not an expression of fact.  *See, e.g.*,

16     *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 310 (2000)

17     ("Value is quintessentially a matter of opinion, not a statement of fact."); *Gentry v.*

18     *eBay, Inc.*, 99 Cal. App. 4th 816, 835 (2002) ("[a] representation is one of opinion 'if it

19     expresses only […] [one's] judgment as to quality, value, authenticity, or other matters

20     of judgment'") (quoting *Restatement (Second) of Torts*, § 538A); *Irving v. Lennar*

21     *Corp.*, No. CIV S 12-290,2013 WL 1308712, at *12 (E.D. Cal. Apr. 1, 2013)

22     ("[s]tatements concerning the value of property are generally deemed to be expressions

23     of personal opinion and not actionable representations of fact upon which the other

24     party can rely") (citation omitted); *G.R.I. Corp. v. Golden Fifty Pharm. Co., Inc*., No.

25     74c2830, 1975 WL 21148, at *6 (N.D. Ill. Apr. 18, 1975) (rejecting claim that the

26     _____

27     [8] To the extent Plaintiff argues that any "higher price," when paired with a discount, reflects a former price (*see, e.g.* FAC ¶ 13),  his claim is similarly unreasonable.  In

28     fact, the FTC's Pricing Guides make clear that a retailer may list a price comparison based on the price of "merchandise of 'like grade and quality.'"  16 C.F.R. § 233.2(c).

defendant's advertisements were false because they "falsely estimate[d] the actual retail value of their beauty kits […]"; even the "actual retail value of a product [is a] cryptic concept[] at best.")  Plaintiff's allegations about how reasonable consumers would interpret "Value" ring hollow.

### 2.  Cole Haan's Outlet Prices Says Nothing About Cole Haan's Retail Stores

Plaintiff also cannot base his claim on his unsupported theory that Cole Haan is making misrepresentations by selling lower-quality items in the outlet that are specially made for the outlet and not for their regular retail stores.  The FAC does not identify a single representation by Cole Haan to support this theory.

The California Court of Appeal has made clear that the act of selling merchandise at an outlet store using a given brand name is not an affirmative or even partial representation that the product previously sold at the same brand's retail stores:

> Rubenstein's SAC alleges no advertising or promotional materials or any other statements disseminated by Gap to consumers that its factory store clothing items were previously for sale in traditional Gap stores or were of a certain quality. Instead, Rubenstein alleges only that Gap's use of its own brand names—Gap and Banana Republic—in naming factory stores and on the labels of factory store clothing items was deceptive because the apparel is not of the brand name quality that Rubenstein has come to expect. As a matter of law, Gap's use of its own brand name labels on clothing that it manufactures and sells at Gap-owned stores is not deceptive, regardless of the quality of the merchandise or whether it was ever for sale at other Gap-owned stores.

*Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 876 (Cal. App. 2d Dist. 2017), *review denied* (Nov. 29, 2017); *see also Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1262 (Cal. App. 4th Dist. 2006) (insufficient for plaintiffs to plead that they "are lay persons and consumers, who reasonably rightfully assumed that the manifolds in [defendant's] vehicles were quality components").

Similarly, in *Rael v. Dooney & Bourke, Inc.*, the court explained that a Plaintiff could not state a claim based on the "broad assertion that outlet products are by

definition inferior … the complaint contains no facts to illustrate how the pricing scheme is false or misleading aside from the blanket conclusion that all outlet merchandise is, by definition, substandard."   No. 16cv0371 JM(DHB), 2016 WL3952219, at \*4-5 (S.D. Cal. July 22, 2016).  To state a claim based on the theory that customers interpret outlet reference prices as prices from Dooney & Bourke "retail" stores, the court explained that the plaintiff would need to plead that a reasonable consumer would have:

> (1) … reasonably confused [a D&B outlet store] with a D&B "retail" store; (2) … had a reasonable expectation that products sold at D&B "outlet" or "factory" stores are "retail" products sold concurrently at D&B "retail" stores; (3) … concluded, based on the "40% off" price tag, that the product was being sold at its higher, regular price at other D&B retail stores; (4) … relied on the "40% off" price tag to purchase the D&B "outlet" product while mistaking it for a "retail" product; and (5) … [not] been put on notice that overrun, overstocked, out-of-season, or irregular products were sold at the outlet store prior to purchase.

*Id.* at \*14-15 ("Additionally, Plaintiff must plead with particularity why and how Defendant's discount pricing was:  (1) false or misleading; and (2) directly and causally related to her purchase.").  Plaintiff's FAC includes no such allegations.

To the extent Plaintiff was disappointed with the quality of the sneakers, he had the ability to assess the quality of the outlet merchandise and ask associates questions about each item's sales history prior to purchase. *Rubenstein,* 14 Cal. App. 5th at 877, 880.  And again, if his wife was not satisfied with the shoes when she tried them on at home, they could have returned the merchandise for a full refund,  rather than filing a lawsuit in federal court.  *Id.*; see also Section III (C), *supra*.

### D.   Plaintiff Does Not Allege Facts to Support His Claim that the Sneakers' Reference Price Was False or Deceptive

Plaintiff's failure to allege facts to demonstrate the falsity of Cole Haan's reference pricing also compels dismissal.  The FAC does not allege *any* evidentiary facts to show that the reference pricing on his sneakers was false or deceptive—that is,

that the listed price is not a *bona fide* former price, or that the sneakers are inferior quality to those sold in Cole Haan's main line stores.

The Ninth Circuit has explained that a plaintiff cannot satisfy Rule 9(b)'s heightened pleading standards by simply pointing to a reference price and claiming that it is false. *Sperling v. DSWC, Inc.*, 699 Fed. Appx. 654, 655 (9th Cir. 2017) (affirming dismissal of complaint alleging that defendant's "Compare At" prices are deceptive). Instead, the plaintiff must "allege sufficient facts to show with particularity how [and] why . . . the [reference] price was false or deceptive." *Id*. In *Sperling*, the plaintiff claimed to have conducted an investigation into the defendant's pricing practices, alleged "that she found [the shoes she purchased] elsewhere" for less than the reference price she allegedly relied on, and even cited specific prices charged by other retailers for that item. *Id*. She cited the investigation in support of her claim that the defendant's "Compare At" prices were higher than prices used by other retailers. These claims came many months after the complaint was filed, and after DSW's first motion to dismiss was granted; notably absent from the complaint were any details of the investigation, including any indication that the investigation took place near the time of the plaintiff's purchase. In affirming the lower court's dismissal, the Ninth Circuit held that the plaintiff's factual allegations were deficient under Rule 9(b), because the plaintiff did not allege sufficient facts concerning her purported investigation, such as when the investigation took place. *Id*.; *see also* Motion to Dismiss Complaint, Dkt. 20, fn. 6 (listing numerous other pricing cases dismissed under Rule 9(b)).

Plaintiff's factual allegations here pale in comparison to those that the Court found deficient in *Sperling*. His bare allegation to have conducted "some online research" (FAC ¶ 21) is insufficient absent any details of that research, including *when* he conducted it, or *where* he looked. See, e.g. *Rael v. Dooney & Bourke, Inc.*, 2016 WL 3952219, at *3.[9] Plaintiff does not say anything about the pricing of this item, or like

_____

[9] See also *Rael v. New York & Co., Inc.*, No. 16-cv-369-BAS(JMA), 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016) ("[Plaintiff] does not specify a single detail of

1  items, elsewhere or over time.  Plaintiff does not claim that he ever even *entered* a Cole

2  Haan main line store, or looked for sneakers of this variety or quality anywhere else

3  around the time of his purchase.  Plaintiff also alleges no support for his conclusions

4  that the sneakers were made for Cole Haan's outlets or are of inferior quality to items

5  sold at Cole Haan's main line retail stores.

6       **E.    Plaintiff Cannot Save His Lawsuit By Framing His Allegations**

7                 **As Omissions-Based Claims**

8       In addition to bringing an affirmative misrepresentation claim, Plaintiff claims

9  that Cole Haan failed to disclose to customers that:  "(1) they are buying items made

10  specifically for the outlet;  and (2) the items were never sold at the price from which the

11  discounted and sale prices is derived from." (FAC ¶ 5.)

12       In order for an omission to be actionable, it must either be:  (1) "contrary to a

13  representation actually made by the defendant"; or (2) a "fact the defendant was

14  obligated to disclose."  *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th

15  824, 835-36 (2006);  *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 972 (N.D.

16  Cal. 2014) ("California courts have generally rejected a broad obligation to disclose,

17  adopting instead the standard as enumerated by the California Court of Appeal in

18  *Daugherty*").  A duty to disclose exists only in the following circumstances: (1) the

19  defendant is in a fiduciary relationship with the plaintiff; (2) the defendant had

20  exclusive knowledge of material facts not known to plaintiff; (3) the defendant actively

21  conceals a material fact from the plaintiff; or (4) the defendant makes partial

22

23  his alleged investigation. The declaration is simply a restatement of the conclusory
allegations that Plaintiff states in her SAC."); *Jacobo v. Ross Stores, Inc.*, No. CV-15-

24  04701-MWF-AGR, 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016) ("It is

25  insufficient under Rule 9(b) to simply assert on 'information and belief' that 'the
prevailing retail prices for the items [Plaintiffs purchased] were materially lower than

26  the 'Compare At' prices advertised by Defendant.'"); *Ackerman v. Nw. Mut. Life Ins.*

27  *Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (Rule 9 requires plaintiff to conduct a pre-
complaint investigation "in sufficient depth to assure that the charge of fraud is

28  responsible and supported.").

representations but also suppresses some material fact. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997). Omissions claims are subject to Rule 9(b), and in order "to plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009).

Here, Cole Haan **does** disclose that the reference price is not a former price—by using the word "Value" to explain the meaning of the price. Regardless, the FAC does not allege any basis for a duty of disclosure. Plaintiff does not contend that Cole Haan is his fiduciary. Plaintiff also does not allege that Cole Haan had exclusive knowledge of any material facts: information about where the sneakers have been sold, and for how much, is publicly available. As is the quality of Cole Haan's outlet merchandise. *Rubenstein*, 14 Cal. App. 5th at 878. Moreover, "the [FAC] does not allege facts showing that the sales history of factory store items is material to reasonable consumers. *Id.*

As to the third prong, the FAC does not allege any specific "affirmative acts on the part of [Defendant] in hiding, concealing or covering up the matters complained of," and thus also fails to state a claim for active concealment. *See Lingsch v. Savage*, 213 Cal. App. 2d 729, 734, 29 Cal.Rptr. 201 (1963) (concluding complaint alleges "mere nondisclosure, rather than active concealment" since it fails to allege such affirmative acts); *see also Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc.*, 171 Cal. App. 4th 1356, 1382, 124 Cal.Rptr.3d 271 (2009).

Plaintiff's duty of disclosure claim appears to rely on a theory that Cole Haan's reference price was a partial disclosure, which obligated Cole Haan to reveal that the item never previously sold at that price in its retail stores for the listed price. The Court of Appeal rejected a similar theory in *Rubenstein*: "As a matter of law, [Cole Haan's]

use of its own brand names to market less expensive [shoe] lines in factory stores [would not be] a partial representation, even if the products are alleged to be inferior to other brand name products."  14 Cal. App. 5th at 878.

Plaintiff's omission claim also fails under Rule 9 because Plaintiff does not adequately describe or attach representative samples of the specific representations on which he allegedly relied.  He also does not specify the content of Cole Haan's alleged omissions.

## V.   PLAINTIFF'S OTHER CLAIMS MUST BE DISMISSED

### A.   Plaintiff's Second Cause of Action Does Not Make Any Sense

Plaintiff purports to base his second cause of action on Cal. Bus. & Prof. § 17535, but this is merely a section of the UCL stating that injunctive relief is available under the UCL.  Notably, Plaintiff's FAC does not ask for injunctive relief—rather, Plaintiff seeks restitution under this section.  (FAC ¶ 43.)  Regardless, Plaintiff's claim should be dismissed because he does not state a claim under the UCL.

### B.   Plaintiff Does Not Allege Any Conduct Violative of the CLRA

Although Plaintiff has removed his CLRA claim from the FAC, he still purports to base his unlawfulness claim on this statute. (FAC ¶ 9.)  Plaintiff's unlawfulness claim fails to the extent it is based on the CLRA because the FAC does not adequately allege any CLRA violation.

"Unlike the UCL, whose definition of prohibited conduct is open-ended and leaves it to the courts to decide the scope of the prohibition, the CLRA takes exactly the opposite approach.  It sets forth a laundry list of [25] specific activities deemed to be 'unlawful.'" William L. Stern, Bus. & Prof. Code § 17200 Practice (The Rutter Group 2015) § 10:8.  A plaintiff cannot state a CLRA claim unless he alleges that the defendant performed one of those specific prohibited activities.  *See*, *e.g.*, *Pollard v. Ericsson, Inc.*, 125 Cal. App. 4th 214, 221 (2004) (affirming dismissal of CLRA claim for allegedly deceptive rebate practices where allegations did not fit within the specific prohibition of § 1770(a)(17), which addresses rebates).

Here, Plaintiff purports to identify violations of the CLRA, under Cal. Civ. Code § 1770, subdivisions (a)(7) (which prohibits "representing that goods ... are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"); and (a)(13) (which prohibits "Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions").

Plaintiff does not state a claim under subsection (a)(7), because he does not allege that Cole Haan falsely advertised the *goods* that he purchased—instead, he merely contends that the *prices* for those goods are deceptive. "['Compare At' prices] . . . simply do not pertain to 'characteristics,' 'ingredients,' 'quality,' or 'model' of the advertised goods." *Jacobo v. Ross Stores, Inc.*, No. 15-cv-04701-MWF, 2016 WL 3483206, at *4 (C.D. Cal. June 17, 2016); *see also Rubenstein,* 14 Cal. App. 5th at 876 (selling items at an outlet store does not constitute a representation about quality); *Taylor v. Nike, Inc.*, No. 3:16-CV-00661-MO, 2017 WL 663056, at *8 (D. Or. Feb. 17, 2017) (dismissing claim under 1770 (a)(9), because "there are no allegations that the items sold were different than what Nike purported them to be at the time of purchase, or that [plaintiff] purchased products at a different price than was advertised.").

As to subsection (a)(13), Plaintiff's claim fails because the Complaint does not identify any representations by Cole Haan regarding "price reductions." Although the CLRA does not define "price reduction," the plain meaning of the word "reduction" means "the act of making something smaller in size, amount, number, etc." *See Reduction*, MERRIAM WEBSTER DICTIONARY, (last accessed August 22, 2017), http://www.merriam-webster.com/dictionary/reduction. In the context of pricing, a reduction is thus a discount from a *former price*, not a comparison to the price used by other retailers. Plaintiff does not allege that the "Value" represents a reduction from any previous price, so section (a)(13) does not apply. *See Jacobo*, 2016 WL 3483206, at *4-5 ("'Compare At' prices cannot constitute 'price reductions' under any reasonable

1  interpretation of that phrase.").[10]

2      Plaintiff's CLRA claim fails for the additional reason that the CLRA only

3  provides relief to a "consumer who suffers any damage as a result of the use or

4  employment by a person of a method, act, or practice declared to be unlawful by

5  Section 1770." Cal. Civ. Code § 1780(a).  Plaintiff has alleged no such damage.  Cole

6  Haan offered the sneakers at a price, Plaintiff evaluated the sneakers and agreed to pay

7  that price, and Plaintiff does not allege that the sneakers are worth less than the amount

8  he agreed to pay.

9  **C.    Plaintiff's Unfairness and Unlawfulness Claims Also Fail**

10      Plaintiff cannot state a claim under the UCL's "unfairness" prong, because he has

11  not alleged any conduct by Cole Haan that "offends an established public policy or ... is

12  immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."

13  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (4th Dist. 2003).

14  Similarly, his "unlawfulness" claim fails because he has not alleged a violation of any

15  underlying law—as discussed above, Plaintiff cannot state a claim under the FAL or

16  CLRA, and does not allege any other basis for his unlawfulness claim. *Mehta v. Wells*

17  *Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010) (stating that an

18  "unlawfulness" claim "stands and falls with the viability of [the] other claims.").

19      Plaintiff may not "use California law to engineer" a cause of action under the

20  UCL's "unfairness" or "unlawfulness" prongs.  *See O'Donnell v. Bank of America Nat.*

21  *Ass'n.*, 504 Fed. Appx. 566, 568 (9th Cir. 2013) ("The district court rightly dismissed

22  the unfair competition claim premised on Bank of America's alleged violation of the

---

23  

24  [10] If subsection (a)(13) were intended to cover value comparisons, the state

legislature would have added that language, as other states have done. *See, e.g.*, D.C.

25  Code § 28–3904(j) (prohibiting false or misleading representations of fact "concerning

the reasons for, existence of, or amounts of price reductions, *or the price in*

26  *comparison to price of competitors* or one's own price at a past or future time.")

(emphasis added); K.S.A. 50-626(b)(7) (same); Md. Code Ann. Com. Law § 13-301

27  (same); NYC Admin. Code § 20-701(a)(6)(same); 9 AAC 05.020 and 05.030

28  (separately addressing "price reductions from former price" and "price comparisons").

1   Federal Trade Commission Act.  The federal statute doesn't create a private right

2   action, and plaintiffs cannot use California law to engineer one."); *Sperling v. DSW

3   Inc.*, No. 15-1366, 2016 WL 354319, at *2 n. 3 (C.D. Cal. Jan. 28, 2016) ("Plaintiff

4   can't assert a cause of action for this violation through his claims under the California

5   Unfair Competition Law.").

6       Additionally, the FTC's Guides Against Deceptive Pricing do not have the force

7   of law.  The FTC explained that they are "to be considered as guides and not as fixed

8   rules of 'do's' and 'don'ts' or detailed statements of the Commission's enforcement

9   policies." 29 Fed. Reg. 178 (1964).[11]

10  **VI.   CONCLUSION**

11      For the reasons above, Defendant respectfully requests that the FAC be

12  dismissed in its entirety, without leave to amend.

13  DATED:  August  27, 2018          STEPTOE & JOHNSON  LLP

14

15

16                            By:     /s/ *Stephanie Sheridan*
                                      STEPHANIE A. SHERIDAN
17                                    ANTHONY J. ANSCOMBE
                                      MEEGAN B. BROOKS
18                                    Attorneys for Defendant
                                      COLE HAAN, LLC
19

20

21

22

23

24

25

26

27      [11] Regardless, Plaintiff does not explain how the Guide for MSRPs, 16 C.F.R. §
28  233.3 (FAC ¶ 13), is relevant here, given that Plaintiff does not claim to have
    interpreted Cole Haan's pricing as an MSRP.