UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PARK, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>COLE HAAN, LLC,<br><br>          Defendant. | Case No.: 17cv1422-LAB (BGS)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS; AND**<br><br>**ORDER OF REFERENCE** |

  Plaintiff Kevin Park brings this putative class action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.* in connection with the sale of shoes at Defendant Cole Haan, LLC's outlet stores in California.

  The Court granted in part a motion to dismiss Park's complaint, and he filed an amended complaint (the "FAC"), omitting claims against Defendant Apax Partners Worldwide, LLP and leaving Cole Haan as the sole Defendant. The FAC also omitted some theories of recovery, factual allegations and remedies. Cole Haan has now moved to dismiss, both for failure to state a claim and for lack of jurisdiction.

1

For reasons that are not clear, both parties' briefing sometimes cites to the original complaint, not the FAC. Because the FAC supersedes the original complaint, *see Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 n.4 (2009), allegations and theories omitted when the complaint was amended are no longer part of the operative pleading. *See* Civil Local Rule 15.1(a); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 927–28 (9th Cir. 2012) (holding that claims voluntarily omitted from an amended complaint are generally waived). That is not to say the original pleading can never be consulted. It is part of the record and may be cited to when appropriate. That is particularly true where, as here, the original complaint was verified. But because the Court's earlier order addressed the adequacy of the original complaint, it amounts to law of the case; there is no reason for the Court to re-examine these same issues. This order addresses the FAC, not the original complaint.

**Motion to Dismiss for Failure to State a Claim**

**Judicial Notice**

Cole Haan asks the Court to take judicial notice under Fed. R. Evid. 201 of metadata on Park's original complaint, Cole Haan's return policy, and exemplars of pricing displays at its store. For reasons discussed below, consideration of the metadata is not necessary at this time, and the request is **DENIED WITHOUT PREJUDICE**. Park has conceded the authenticity of the return policy, and has relied on it himself. (Opp'n at 6:22–27; *see also* Docket no. 9 at 4:8–10.) The Court construes the return policy as incorporated by reference into the complaint, but in the alternative judicial notice is **GRANTED**. For reasons discussed in the Court's earlier order, judicial notice of the pricing displays is **DENIED**. (*See* Docket no. 16 at 9:25–10:18.) This does not preclude Cole Haan from offering the displays at some later stage of litigation, such as summary judgment.

**Factual Allegations**

Park alleges he was shopping at Carlsbad Premium Outlets on June 25, 2017, where Cole Haan has an outlet store. He says he was "enticed to enter the Cole Haan [store] because of a large sign indicating there was a 20-40% off sale going on inside."

(FAC, ¶ 19a.)[1] He interpreted this to mean that "each of the items were 20-40% off the original prices." (*Id.*) In the store, he found a pair of women's shoes with a price of $182 and "a sign above it that said 50% off." (*Id.*) He interpreted this to mean the shoes had originally sold for $182 and were now 50% off.[2] He alleges that in its outlet stores Cole Haan makes a practice of advertising items at "discounted or sale prices when in fact the items were never sold at the price the discount is purportedly taken from." (*Id.*, ¶ 2a.) He also alleges that the store was running a sale whereby a customer who spent over $200 could receive an additional $50 off. He says he purchased an unspecified additional item in order to receive that discount.

Park alleges that, based on the higher listed price, he believed that he was receiving a discount on the shoes. (FAC, ¶ 20a.) He also says this misled him into thinking the shoes were the same kind Cole Haan sold in its traditional non-outlet retail stores. In fact, he says, the shoes he bought were never sold at the original price, and the 50% discount was illusory. (*Id.*, ¶¶ 1a–2a, 17a–18a, 20a.)

When Park returned home, his wife tried on the shoes and did not like them. (FAC, 21a.) When he examined them, the shoes appeared to be lower quality than he would have expected of Cole Haan shoes sold in a traditional store. (*Id.*; *see also id.* at ¶ 3a (alleging that most Cole Haan outlet stores' merchandise is specifically made for the outlet store, is never sold in traditional stores, and is lower in quality).) Park alleges that Cole Haan's website promises generally high quality clothing, though he does not allege he relied on

///

---

[1] The FAC restarts its paragraph numbering on page 7, beginning with the class action allegations. For purposes of this order, paragraphs are designated "a" if they belong to the first section and "b" if they belong to the second section. Plaintiff's counsel should in future use continuous paragraph numbering.

[2] The FAC is ambiguous as to whether the price was $182 before or after the 50% discount. But the fact that Park said he interpreted this as meaning the original price was $182 means he must have paid $91.

3

17cv1422-LAB (BGS)

that. He also alleges Cole Haan recently changed its website, although he does not allege he relied on that either.

Park claims Cole Haan deceived him into believing 1) the shoes he bought were discounted when in fact they were not, and 2) the shoes Cole Haan sold in its outlet store were also sold in Cole Haan's traditional stores, and were of the same quality.

**Legal Standards**

A Rule12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. C*edars–Sinai Medical Center v. National League of Postmasters of U.S*., 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide*, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

Claims grounded in fraud are subject to the higher pleading standard of Fed. R. Civ. P. 9(b). To satisfy this standard, the complaint must "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts" that give rise to his claims. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Under another formulation of the same standard, the complaint must allege the "who, what, when, where, and how" of the charged misconduct, and must identify "what is false or misleading about

a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

**Discussion of Claims**

To state a claim based on false or misleading statements under either the UCL or FAL, the statement must be deceptive of misleading to a reasonable consumer. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The practice of labeling products as discounted when in fact they have never been sold at the higher price can violate both the UCL and FAL. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103–05 (9th Cir. 2013); Cal. Bus. & Prof. Code § 17501. This is often called a "former price comparison" theory, and is one of several different ways advertised prices can be false or misleading. *See, e.g., Branca v. Nordstrom, Inc.,* 2015 WL 1841231, at *8 (S.D. Cal. Mar. 20, 2015) (distinguishing among "former price comparisons," "retail price comparisons," and "comparable value comparisons").

The only misrepresentation Park has alleged with any specificity is the price label on the pair of shoes he bought. He alleges it was marked $182, and had a sign saying "50% off," implying that the asking price of $91 represented a 50% discount from a price previously charged for the same pair of shoes. He alleges that in fact this pair of shoes never sold for $182. He has also alleged that during the period covered by this action Cole Haan advertised each item in its outlet stores as being sold at "discounted or sale prices." He does not identify the amount of the discounts, the items, or the particular prices, but bearing in mind the specific example he has given and the difficulty of repeating this allegation as to every item sold in the store, this allegation is specific enough at this stage to state a claim.

Although Park alleges in passing that Cole Haan also misled him about the comparable value of the shoes he bought (*see* FAC, ¶¶ 6a, 4b), he does not allege that the shoes he bought were labeled so as to suggest they were a comparable value to other more expensive or higher quality shoes. The labeling and signage he has alleged point solely to

a discount from a former, higher price. To the extent he may be trying to bring claims under some other theory, he has not pled them adequately.

In support of their earlier motion, Defendants proffered evidence that the price tags or labels on their shoes were not as Park alleged. These were not a proper subject for judicial notice, and at the pleading stage the Court was required to accept all of Park's factual allegations as true. In support of this motion, Cole Haan again refers to wording on the labels or tags as including a reference to "value," even though the FAC has not alleged that the shoes Park bought were so labeled. At this stage, the Court cannot accept Cole Haan's representations as showing what the labeling or signage on Park's shoes said.

Park's allegations regarding the "20-40% off" sign are too vague to state a claim, or even to form part of his claim. He does not say what the sign said, and his conclusion about the sign's meaning is unsupported by factual allegations. Furthermore, he does not allege how he was injured by any representation about a sale. Besides the shoes, he bought one other unidentified item, but he does not allege anything about the price or any discount on that. Similarly, he does not allege any facts to suggest that the offer of a $50 discount to customers who spent over $200 was deceptive in any way.

Park has not alleged that Cole Haan made any representations to him that the goods sold in its outlet stores were the same as, or the same quality as, items sold in its traditional retail stores. The mere act of selling nonidentical brand name clothing in an outlet store is not fraudulent under California law, and does not support a claim under the UCL or FAL. *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 877–80 (Cal. App. 2 Dist. 2017). The fact that Park's wife immediately inspected the shoes and that he could have returned them for a refund[3] further undercuts this claim. *See id.* ("A reasonable consumer would . . .

---

[3] Park argues that Cole Haan's return policy would not have allowed him to return the shoes, because shoes that are "worn" are ineligible for a refund. In fact, the return policy says "Cole Haan will accept any unworn or unaltered merchandise within 30 days of the original purchase date." (Docket no. 19-4 at 1.) Park has not alleged facts plausibly suggesting that the shoes would be considered worn.

inspect the quality of factory store clothing items before buying them and could return items after purchase if they turn out to be unsatisfactory.") A company's "use of its own brand names to market less expensive clothing lines in factory stores" and failure to disclose that outlet clothing was not previously for sale at traditional stores do not amount to an actionable misrepresentation. *Id.* at 877–78, 880. Park has not alleged any facts suggesting a special duty to disclose.

Park does not identify any representation that items sold in Cole Haan's outlet stores were previously sold in its traditional stores, or where the same quality. Instead, he argues that the "pre-discount" prices' similarity to prices in retail stores misled class members into believing the items they were buying were previously offered for sale in traditional stores. (FAC, ¶ 4a.) Although the quality of goods is material to reasonable consumers, and price can be a reflection of that, the retail history of clothing (*e.g.*, whether it was offered for sale in a traditional store before being sold in an outlet store) is generally not. *See Rubenstein*, 14 Cal. App. 5th at 878. Those customers who do care would normally ask a sales associate. *See id.* at 877, 880.

Park has attempted to bring a similar claim himself, but his claim is based solely on an unreasonable interpretation of the labeling. He alleges that the mention of a 50% discount led him to believe the same shoes had previously been offered for sale in a traditional store. (*Id.*, ¶ 20a.) He vaguely alleges that he thought the shoes came from a traditional store because the pre-discount price "was similar to the prices of the traditional stores." (*Id.*) He does not allege facts showing that reasonable consumers would interpret similar pre-discount prices as he did, *i.e.*, signaling that the items had been sold in a traditional store, as opposed to being offered for that price in the outlet store. *See Rubenstein*, 14 Cal. App. 5th at 878 (holding that the plaintiff had failed to allege *facts* showing that reasonable consumers expected factory store items to have been previously offered for sale in the defendant's traditional stores). He does not even explain what he means by prices being "similar," or what if anything he knew about the prices of women's shoes in traditional Cole Haan stores. Furthermore, Park has not alleged that he asked

anyone about this, and he does not allege that store employees did not or will not answer truthfully if asked. *See id.* at 877, 880.

Park's claim that the shoes were misrepresented as previously having been sold in a traditional retail store does not meet Rule 9(b)'s pleading standard. And he cannot bring claims on behalf of the class that he himself could not bring. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982).

**Order of Referral**

The Court is required to confirm its own jurisdiction and to address jurisdictional issues, such as standing, *sua sponte* if necessary. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).

Cole Haan has pointed to facts plausibly suggesting that Park signed his verified complaint on either June 27 or June 29, 2017 (Mot. at 1:1–16, 2:28–4:10) and not, as Park's counsel represents, July 13. (Opp'n at 3:11–4:14, 5:21–6:21, and Davis Decl.) Cole Haan suggests that Park went to the outlet store at his counsel's suggestion in order to look for a violation so he could sue. Park's counsel represents that the date of June 27, 2017 on the complaint (Docket no. 1 at 20) is a typographical error.

Assuming Cole Haan's accusation is true, Park would not have suffered any injury nor would he have standing. Rather, he would have known the truth about the discounted pricing in advance, and would have bought the shoes without being deceived. His allegations about being taken in and later surprised would be inaccurate. Cole Haan supports its argument by pointing out it would be highly unlikely that in two to four days after Park bought the shoes, he retained a law firm, which then drafted a complaint, submitted it to Park for verification, and filed it.

Even assuming the original complaint was signed on June 27 or 29, Park does not necessarily lack standing, though it would raise serious questions. A more immediate concern, however, is that Park's counsel has vehemently represented to the Court that the
///

complaint was signed on July 13, and no earlier. Obviously, if the original complaint was created as a pdf on June 29, it could not have been signed on July 13.

The issue of when the original complaint was created and signed is **REFERRED** to Magistrate Judge Bernard Skomal for a report and recommendation. Judge Skomal should receive evidence, including evidence about the metadata and its meaning, and hold a hearing to determine credibility. Because Park's reasons for purchasing the shoes and for not returning them are at issue, Judge Skomal may also inquire into collateral issues such as the timing and circumstances of Park's purchase. The report and recommendation should, to the extent possible, make findings as to when the original complaint was created, signed, and finalized. If supported by his findings, he should also make recommendations regarding the imposition of sanctions.

**Order of Dismissal**

Cole Haan's motion to dismiss is **GRANTED IN PART**. The only claim the FAC has adequately pled is Park's claim under the FAL and UCL based on the shoes he bought being marked as discounted when in fact they were never sold at the higher price. No later than **April 2, 2019**, Park may file a third amended complaint bringing only this one claim. All other claims are **DISMISSED WITHOUT PREJUDICE**.

Park has already been given leave to amend once, so it is questionable whether he could amend successfully to state other claims or to proceed under other theories even if given another opportunity. But if he believes he can successfully amend, instead of filing a third amended complaint, he should file an *ex parte* motion for leave to amend, attaching his proposed third amended complaint as an exhibit. Such a motion must comply fully with Civil Local Rule 15.1.

**IT IS SO ORDERED.**

Dated: March 13, 2019

Hon. Larry Alan Burns
Chief United States District Judge